Steven Rene VALADEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–96–00159–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 3, 1998.

Discretionary Review Refused Dec. 9, 1998.

Floyd W. Freed, III, Houston, for appellant.

Keli Pool Roper, Houston, for appellee.

Before YATES, AMIDEI and FOWLER, JJ.

## OPINION

FOWLER, Justice.

Over his plea of not guilty, a jury found Steven Rene Valadez ("Valadez") guilty of the felony offenses of attempted capital murder of two persons and attempted murder of a third individual. *See* TEX.PENAL CODE ANN. §§ 15.01, 19.02, 19.03 (Vernon 1994). The jury fixed punishment at twenty-five years imprisonment in the Texas Department of Criminal Justice, Institutional Division, and a $10000 fine for the offense of attempted capital murder and twenty years and a $10000

fine for the offense of attempted murder. Valadez has four distinct complaints on appeal: 1) the offense of attempted capital murder does not exist; 2) the trial court improperly conducted two motion in limine hearings outside his presence; 3) his rights against double jeopardy were violated because he was tried for one count of attempted capital murder and one count of attempted murder when he should have been tried only for one count of attempted capital murder of all three individuals; and 4) the trial court improperly admitted hearsay testimony. We affirm the trial court judgment because attempted capital murder is an offense, Valadez showed no harm resulting from the motions being held outside his presence, the double jeopardy proscription was not violated, and, finally, the trial court did not admit hearsay testimony.

## THE CONTROVERSY

On September 1, 1994, Valadez was involved in a shoot-out at Charlie's Family Pool Hall. In this shootout, several witnesses testified that Valadez shot and wounded Ventura Marquez ("Marquez") and Robert Pena ("Pena") and shot at Sergio Gamez ("Gamez"). Neither Marquez nor Pena died as a result of their wounds. Valadez was indicted for the attempted capital murder of Pena and Marquez and the attempted murder of Gamez. The jury found Valadez guilty of both attempted capital murder and attempted murder.

## THE OFFENSE OF ATTEMPTED CAPITAL MURDER

In his first point of error, Valadez contends the trial court erred in denying his motion for directed verdict of acquittal on the attempted capital murder charge. Valadez argues that the offense of attempted capital murder does not exist in the Texas Penal Code because it is not specifically codified in section 19.03(a)(7) of the Penal Code. *See* TEX.PENAL CODE ANN. § 19.03(a)(7) (Vernon 1994). Valadez also argues that the criminal attempt section of the Texas Penal Code does not apply to the offense of capital murder. *See* TEX.PENAL CODE ANN. § 15.01 (Vernon 1994). We disagree. As the discussion

below shows, Valadez's actions meet the requirements for attempted capital murder, and, nothing in the Penal Code states that these two sections may not be read together.

The Texas Penal Code provides that a person commits the offense of capital murder when that person murders more than one person during the same criminal transaction. *See* TEX.PENAL CODE ANN. § 19.03(a)(7) (Vernon 1994). The Texas Penal Code also provides that "[a] person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends buts fails to effect the commission of the offense intended." TEX.PENAL CODE ANN. § 15.01 (Vernon 1994). By shooting and injuring two people during the same criminal transaction, Valdez committed an act amounting to more than the mere preparation required for attempted capital murder. *See Hidalgo v. State*, 945 S.W.2d 313, 316 (Tex.App.—San Antonio 1997, pet. granted) (stating that proof that the defendant attempted to murder more than one person during the same criminal transaction was sufficient to prove the offense of attempted capital murder). Therefore, we overrule Valadez's first point of error.

■ In his second and third points of error, Valadez contends the trial court erred in denying his objection to the court's charge at both the guilt/innocence phase of the trial as well as the punishment phase of trial. In these points, it appears Valadez is arguing that the jury should not have received an instruction as to attempted capital murder because that crime does not exist in the Penal Code. For the reasons stated above, we conclude such a crime does exist, and we believe the jury was properly instructed as to attempted capital murder. Valadez's second and third points of error are overruled.

■ In his fourth point of error, Valadez contends the trial court erred in conducting hearings upon the State's motion in limine outside his presence. On January 22, 1996, before jury voir dire began, the State asked the trial judge to rule on its motion in limine. The record reflects that Valadez was not present during the ruling on this motion. The reporter's record reflects that he en-

tered the courtroom immediately after the trial court granted the State's motion. On January 23, 1996, the trial court addressed additional matters about the same motion in limine outside Valadez's presence. Valadez argues that the trial court's actions violate Article 33.03 of the Code of Criminal Procedure. *See* TEX.CODE CRIM.PROC.ANN. Art. 33.03 (Vernon 1989). According to this Article, "[i]n all prosecution for felonies, the Defendant must be personally present at the trial. . . ." *Id.*

Valadez's complaint has two fundamental problems: his counsel did not object to his absence and, more importantly, he has not shown any harm by the court's actions. In this regard, under the case law, before we can reverse the trial court for violating the requirement that the defendant must be personally present at trial, Valadez must make an actual showing of injury or a showing of facts which can be inferred in order to require reversal. *See Carrion v. State*, 926 S.W.2d 625, 629 (Tex.App.—Eastland 1996, pet. ref'd) (citing *Mares v. State*, 571 S.W.2d 303, 307 (Tex.Crim.App.1978)). Valadez has failed to show how his presence at a hearing on a motion in limine has harmed his defense. We, therefore, overrule his fourth point of error.

■ In his fifth point of error, Valadez contends his rights against double jeopardy were violated as a result of the multiple convictions arising from the same criminal episode. Valadez argues that he cannot be charged with both attempted capital murder and attempted murder when he shot Marquez and Pena and shot at Gamez in the same criminal transaction. His position is, since he shot at all three victims in the same incident, he should be charged only with the attempted capital murder of three individuals rather than the attempted capital murder of two people and the attempted murder of the third. Apparently, his position is that since Texas has abandoned the carving doctrine, the State cannot convict him of both attempted capital murder and attempted murder arising out of the same incident. *See Ex parte McWilliams*, 634 S.W.2d 815, 824 (Tex. Crim.App.1982). However, Valadez is mis-

taken. It is because Texas has abandoned the carving doctrine that the State can convict him of multiple offenses arising out of the same criminal episode.

■ Originally, the carving doctrine prevented the State from charging a defendant with more than one crime arising out of the same criminal transaction. However, the Texas Court of Criminal Appeals concluded that because of the inconsistent manner in which it was used, the carving doctrine would be abandoned. *See id.* The Texas Court of Criminal Appeals also stated that "Since we are abandoning the carving doctrine, we will now decide double jeopardy questions under the strict construction of the Constitution of the United States and of this State." *Id.* This test, known as the *Blockburger* test, states that where the same criminal transaction constitutes a violation of two distinct statutory provisions the test to be used to decide if two offenses exist is to determine whether each provision requires a proof of fact that the other does not. *See id.* (citing *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932)).

> The *Blockburger* test is satisfied if each statutory offense requires the proof of a fact that the other does not. At trial there may be a substantial overlap in the proof of each offense; however, it is the *separate statutory elements* of each offense which must be examined under this test.

*Id.* However, the Texas Court of Criminal Appeals has also stated that "the protection against double jeopardy is inapplicable where separate and distinct offenses occur during the same transaction." *Phillips v. State*, 787 S.W.2d 391, 394 (Tex.Crim.App.1990).

The record reflects Valadez shot at three individuals. The shooting at each of these individuals qualifies for the offense of attempted murder because the "individual" in each count is different which would require the proof of a fact the other counts do not require. *See* TEX.PENAL CODE ANN. § 15.01, 19.02 (Vernon 1994). Under sections 15.01 and 19.02 of the Texas Penal Code, the State could have elected to indict Valadez for three counts of the offense of attempted murder for each of the victims shot. *See id.* However, the State elected to indict Valadez for one count of attempted capital murder for the shooting of Marquez and Pena and one count of attempted murder of Gamez. Because the State elected to include the shooting of Pena and Marquez together to satisfy the requirements of attempted capital murder, it does not mean the State was required to also include the shooting of Gamez. We find the *Blockburger* test does not preclude such a course of action because each indictment requires proof of a fact which the other does not—the shooting of each specific individual. We, therefore, overrule Valadez's fifth point of error.

In his sixth point of error, Valadez contends the trial court erred in admitting hearsay evidence in violation of rule 801(e)(2)(E) of the Texas Rules Evidence.[1] Rule 801(e)(2)(E) states that a statement is not hearsay if the statement was made by a co-conspirator of a party during the course and in furtherance of the conspiracy. *See* TEX. R.EVID. 801(e)(2)(E). In this case, the State attempted to show the motivation of Stephen Trevino, Valadez's codefendant at trial, through the testimony of Brea Sorola ("Sorola"), a material witness. A month earlier, Sorola was present at the same nightclub to witness an argument between Trevino and Gamez, which might have led to the shooting. At no time during her testimony about that incident did the trial court allow hearsay statements into evidence. The one time Sorola was asked a question which could have resulted in a hearsay answer, Valadez's counsel objected based on hearsay and the trial court sustained the objection. Because the trial court did not admit the complained about hearsay statements into evidence, we find the trial court did not err. We, therefore, overrule Valadez's sixth point of error.

Accordingly, we affirm the trial court's judgment.

---

1. For the former rule, see Tex.R.Crim.Evid. 801(e)(2)(E), 449 Tex. B.J. 229–30 (1986).