COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| DAVID CARBAJAL, | § | No. 08-07-00149-CR |
| | § | |
| Appellant, | § | Appeal from the |
| | § | |
| V. | § | 168th  District Court |
| | § | |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| | § | |
| Appellee. | § | (TC#20060D03759) |
| | § | |
| | § | |

**O P I N I O N**

David Carbajal appeals his convictions for attempted capital murder and aggravated kidnapping.  The jury sentenced Appellant to 99 years' imprisonment.  Appellant raises two issues challenging the trial court's denial of his motion to quash the indictment.  We affirm.

Appellant kidnapped and shot Rodolfo Gutierrez on January 17, 2006, after Mr. Gutierrez's friend, Rene Holguin, stole marijuana from Appellant during a drug deal. Although he was not injured, Appellant also shot at Mr. Holguin as he attempted to flee the scene in a vehicle.  Appellant was charged with three counts of attempted capital murder and two counts of aggravated kidnapping.  The jury convicted Appellant of all counts.

Prior to trial, Appellant's attorney filed a motion to quash the indictment arguing that the indictment was defective because it failed to specify how the alleged offenses were committed, and therefore, failed to provide Appellant with sufficient notice to prepare a defense.  In a subsequent motion, Appellant's counsel argued the indictment must be set aside because the

offense "attempted capital murder" does not exist in the Texas Penal Code. The trial court refused to set aside the indictment. On appeal, Appellant raises two issues challenging the trial court's ruling.

In Issue Two, Appellant contends the trial court erred by denying his motion to quash the indictment because the offense "attempted capital murder" does not exist in the Texas Penal Code. The sufficiency of an indictment is a question of law. *State v. Moff*, 154 S.W.3d 599, 601 (Tex.Crim.App. 2004). When the resolution of a question of law does not turn on an evaluation of witness credibility and demeanor, the trial court is not in a appreciably better position to make the determination than an appellate court. *Moff*, 154 S.W.3d at 601; *see also Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997). Thus, we review the sufficiency of an indictment *de novo*. *Moff*, 154 S.W.3d at 601.

Appellant argues that Texas law does not recognize an "attempted capital murder" offense because it is not specifically codified in the Texas Penal Code. We disagree. The Texas Penal Code provides several independent ways in which an individual can commit capital murder. *See* TEX.PENAL CODE ANN. § 19.03(a)(Vernon Supp. 2008). Subparagraph seven of Section 19.03(a) provides that an individual commits the offense of capital murder if that person murders more than one person: (A) during the same criminal transaction; or (B) during different criminal transactions but the murders are committed pursuant to the same scheme or course of conduct. TEX.PENAL CODE ANN. § 19.03(a)(7). The Penal Code also provides that an individual who "with specific intent to commit an offense . . . does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended" that person is guilty of criminal attempt. TEX.PENAL CODE ANN. § 15.01(a)(Vernon 2003).

Appellant does not cite any authority for the proposition that the legislature did not intend for Section 15.01 to apply to capital offenses, and we see no reason why these two provisions cannot be read together. *See Valadez v. State*, 979 S.W.2d 18, 19-20 (Tex.App.--Houston [14th Dist.] 1998, pet. ref'd); *Hidalgo v. State*, 945 S.W.2d 313, 316 (Tex.App.--San Antonio 1997), *aff'd*, 983 S.W.2d 746 (Tex.Crim.App. 1999). By shooting his kidnapped victims during a single criminal transaction, Appellant committed an act amounting to more than mere preparation for capital murder. That is, he committed the offense of attempted capital murder. *See Valadez*, 979 S.W.2d at 20. Therefore, the trial court did not err by overruling Appellant's motion to quash the indictment, and Issue Two is overruled.

In Issue One, Appellant argues the indictment was defective because it failed to provide him with adequate notice of the offenses he was charged with, failed to specify the way the offenses were committed, and failed to allege facts specific enough to bar a subsequent prosecution for the same offenses. Appellant's entire "argument" on this point consists of two double-spaced typed pages quoting the indictment language for each of the offenses he was charged with. Appellant then summarily concludes the language was inadequate on various grounds. This section of Appellant's brief does not contain citation to legal authority or provide legal analysis to support Appellant's position that the quoted language was insufficient. Failure to adequately brief a ground of error or to cite to applicable authority presents nothing for review. *See Todd v. State*, 911 S.W.2d 807, 819 (Tex.App.--El Paso 1995, no pet.); *see also* TEX.R.APP.P. 38.1 (providing the requirements for an Appellant's brief). Accordingly, we overrule Issue One.

Having overruled both of Appellant's issues, we affirm the trial court's judgment.

September 30, 2009

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.
Rivera, J. (Not Participating)

(Do Not Publish)