COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS








DAVID CARBAJAL,



 Appellant,



V.



THE STATE OF TEXAS,



 Appellee.
§


 


§


 


§


 


§


 


§


 


 §


 §


No. 08-07-00149-CR




Appeal from the



168th District Court



of El Paso County, Texas 



(TC#20060D03759) 




O P I N I O N

 David Carbajal appeals his convictions for attempted capital murder and aggravated
kidnapping. The jury sentenced Appellant to 99 years' imprisonment. Appellant raises two
issues challenging the trial court's denial of his motion to quash the indictment. We affirm.

 Appellant kidnapped and shot Rodolfo Gutierrez on January 17, 2006, after
Mr. Gutierrez's friend, Rene Holguin, stole marijuana from Appellant during a drug deal. 
Although he was not injured, Appellant also shot at Mr. Holguin as he attempted to flee the scene
in a vehicle. Appellant was charged with three counts of attempted capital murder and two
counts of aggravated kidnapping. The jury convicted Appellant of all counts.

 Prior to trial, Appellant's attorney filed a motion to quash the indictment arguing that the
indictment was defective because it failed to specify how the alleged offenses were committed,
and therefore, failed to provide Appellant with sufficient notice to prepare a defense. In a
subsequent motion, Appellant's counsel argued the indictment must be set aside because the
offense "attempted capital murder" does not exist in the Texas Penal Code. The trial court
refused to set aside the indictment. On appeal, Appellant raises two issues challenging the trial
court's ruling.

 In Issue Two, Appellant contends the trial court erred by denying his motion to quash the
indictment because the offense "attempted capital murder" does not exist in the Texas Penal
Code. The sufficiency of an indictment is a question of law. State v. Moff, 154 S.W.3d 599, 601
(Tex.Crim.App. 2004). When the resolution of a question of law does not turn on an evaluation
of witness credibility and demeanor, the trial court is not in a appreciably better position to make
the determination than an appellate court. Moff, 154 S.W.3d at 601; see also Guzman v. State,
955 S.W.2d 85, 89 (Tex.Crim.App. 1997). Thus, we review the sufficiency of an indictment de
novo. Moff, 154 S.W.3d at 601.

 Appellant argues that Texas law does not recognize an "attempted capital murder"
offense because it is not specifically codified in the Texas Penal Code. We disagree. The Texas
Penal Code provides several independent ways in which an individual can commit capital
murder. See Tex.Penal Code Ann. § 19.03(a)(Vernon Supp. 2008). Subparagraph seven of
Section 19.03(a) provides that an individual commits the offense of capital murder if that person
murders more than one person: (A) during the same criminal transaction; or (B) during different
criminal transactions but the murders are committed pursuant to the same scheme or course of
conduct. Tex.Penal Code Ann. § 19.03(a)(7). The Penal Code also provides that an individual
who "with specific intent to commit an offense . . . does an act amounting to more than mere
preparation that tends but fails to effect the commission of the offense intended" that person is
guilty of criminal attempt. Tex.Penal Code Ann. § 15.01(a)(Vernon 2003).

 Appellant does not cite any authority for the proposition that the legislature did not intend
for Section 15.01 to apply to capital offenses, and we see no reason why these two provisions
cannot be read together. See Valadez v. State, 979 S.W.2d 18, 19-20 (Tex.App.--Houston [14th
Dist.] 1998, pet. ref'd); Hidalgo v. State, 945 S.W.2d 313, 316 (Tex.App.--San Antonio 1997),
aff'd, 983 S.W.2d 746 (Tex.Crim.App. 1999). By shooting his kidnapped victims during a single
criminal transaction, Appellant committed an act amounting to more than mere preparation for
capital murder. That is, he committed the offense of attempted capital murder. See Valadez, 979
S.W.2d at 20. Therefore, the trial court did not err by overruling Appellant's motion to quash the
indictment, and Issue Two is overruled.

 In Issue One, Appellant argues the indictment was defective because it failed to provide
him with adequate notice of the offenses he was charged with, failed to specify the way the
offenses were committed, and failed to allege facts specific enough to bar a subsequent
prosecution for the same offenses. Appellant's entire "argument" on this point consists of two
double-spaced typed pages quoting the indictment language for each of the offenses he was
charged with. Appellant then summarily concludes the language was inadequate on various
grounds. This section of Appellant's brief does not contain citation to legal authority or provide
legal analysis to support Appellant's position that the quoted language was insufficient. Failure
to adequately brief a ground of error or to cite to applicable authority presents nothing for review. 
See Todd v. State, 911 S.W.2d 807, 819 (Tex.App.--El Paso 1995, no pet.); see also
Tex.R.App.P. 38.1 (providing the requirements for an Appellant's brief). Accordingly, we
overrule Issue One.

 Having overruled both of Appellant's issues, we affirm the trial court's judgment.



September 30, 2009

 DAVID WELLINGTON CHEW, Chief Justice


Before Chew, C.J., McClure, and Rivera, JJ.

Rivera, J. (Not Participating)


(Do Not Publish)