Affirmed and Memorandum Opinion filed December 3, 2009. 

 

In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-08-00780-CR



 

Donnell Duane Kemp, Appellant

V.

The State of Texas, Appellee

 



On Appeal from the 262nd
District Court

Harris County, Texas

Trial Court Cause No. 1144601



 

MEMORANDUM  OPINION

 

            Appellant Donnell
Duane Kemp challenges his conviction for attempted capital murder.  The jury
assessed punishment as life imprisonment.  The trial court entered judgment on
May 14, 2008.  Appellant appeals from this judgment contending that (1) the
evidence is legally and factually insufficient to support the jury’s verdict;
and (2) he received ineffective assistance of counsel.  We affirm.

Background

            Appellant was
driving through a parking lot as Larry Hernandez was backing out of a parking
spot on February 4, 2007.  Appellant was by himself and Larry Hernandez was
with his nephew Paul Hernandez.  The two cars almost collided.  Appellant confronted
Larry Hernandez and struck him in the face before driving off.  

Larry and Paul Hernandez drove to a nearby bar called
Jeanne’s Joint after the confrontation to meet Rafael Hernandez, who is Larry’s
brother and Paul’s father.  Appellant then appeared at Jeanne’s Joint with a
loaded 9mm automatic handgun and five to seven men as “backup.”  Appellant confronted
Larry, Paul, and Rafael Hernandez in the parking lot.  Appellant pulled out his
gun and began “shooting nonstop” at Larry, Paul, and Rafael Hernandez, who were
only a few feet away.  Appellant shot Larry and Rafael Hernandez and continued
shooting his firearm after both men lay wounded on the ground.  Paul Hernandez
was not injured.    

            At trial, Paul and
Larry Hernandez testified about the details of both confrontations and
identified appellant as the shooter.  Rafael Hernandez testified about the
shooting.  Martinmina Velazquez, who was at a nearby Laundromat at the time of
the shooting, testified that he saw appellant and five to six men “[p]ointing
towards [Jeanne’s Joint] . . . saying, yes, yes, they’re over there.  They’re
over there.”  He also testified that the same group of men ran away from
Jeanne’s Joint, jumped into cars, and drove away immediately following the
shooting.  He testified that appellant was carrying a 9mm automatic handgun and
that, after the shooting, the gun slide was open, indicating that all of the
gun’s bullets had been fired.  Donald Bradley also testified; he said appellant
called him on the day of the shooting and he met appellant at Jeanne’s Joint as
“backup.”  He also testified that he saw Larry, Rafael, and Paul Hernandez come
out of Jeanne’s Joint with a knife and a broken beer bottle, and that appellant
did not have a gun.  

            The jury found
appellant guilty and sentenced him to life imprisonment.  

Analysis

            In his first two
issues presented, appellant contends that the evidence is legally and factually
insufficient to support the jury’s verdict.  In his third and fourth issues
presented, appellant contends that he received ineffective assistance of
counsel.  We address each in turn. 

I.         Legal and
Factual Sufficiency

In reviewing legal sufficiency of the evidence, an
appellate court examines all of the evidence in the light most favorable to the
verdict to determine whether any rational factfinder could have found proof of
the essential elements of the offense beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319 (1979); Rollerson v. State, 227 S.W.3d
718, 724 (Tex. Crim. App. 2007).  The court does not sit as a thirteenth juror
and may not re-evaluate the weight and credibility of the record evidence or
substitute its judgment for that of the factfinder.  Dewberry v. State,
4 S.W.3d 735, 740 (Tex. Crim. App. 1999).

Reconciliation of conflicts in the evidence is within
the exclusive province of the factfinder.  See Mosley v. State, 983
S.W.2d 249, 254 (Tex. Crim. App. 1998).  The appellate court’s duty is not to
reweigh the evidence but to serve as a final due process safeguard ensuring
only the rationality of the factfinder.  See Williams v. State, 937
S.W.2d 479, 483 (Tex. Crim. App. 1996).  An appellate court faced with a record
that supports conflicting inferences must presume — even if not obvious from
the record — that the factfinder resolved any such conflicts in favor of the
verdict and must defer to that resolution.  Jackson, 443 U.S. at 326; Evans
v. State, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006).

In reviewing factual sufficiency of the evidence, an
appellate court must determine whether (1) the evidence introduced to support
the verdict is “so weak” that the factfinder’s verdict seems “clearly wrong and
manifestly unjust,” or (2) the factfinder’s verdict is nevertheless against the
great weight and preponderance of the evidence.  Watson v. State, 204
S.W.3d 404, 414-15 (Tex. Crim. App. 2008).  In a factual sufficiency review,
the court views all of the evidence in a neutral light.  Johnson v. State,
23 S.W.3d 1, 11 (Tex. Crim. App. 2000) (en banc).  If the court finds the
evidence factually insufficient, the court must remand the case for a new
trial.  Clewis v. State, 922 S.W.2d 126, 135 (Tex. Crim. App. 1996).

In order to declare that an evidentiary conflict
justifies a new trial, an appellate court must rely on some objective basis in
the record demonstrating that the great weight and preponderance of the
evidence contradicts the jury’s verdict.  See Lancon v. State, 253
S.W.3d 699, 706-07 (Tex. Crim. App. 2008).  An appellate court should not
intrude upon the factfinder’s role as the sole judge of the weight and
credibility of witness testimony.  Vasquez v. State, 67 S.W.3d 229, 236
(Tex. Crim. App. 2002).  The factfinder may choose to believe or disbelieve any
portion of the testimony presented at trial.  Bargas v. State, 252
S.W.3d 876, 887 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (citing Sharp
v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986) (en banc)).  Due
deference must be given to the factfinder’s determinations concerning the
weight and credibility of the evidence and reversal of those determinations is
appropriate only to prevent the occurrence of a manifest injustice.  Martinez
v. State, 129 S.W.3d 101, 106 (Tex. Crim. App. 2004). 

An individual commits the offense of attempted
capital murder if (1) “he does an act amounting to more than mere preparation
that tends but fails to effect the commission of” capital murder, (2) with
specific intent to commit capital murder.  Tex. Penal Code Ann. § 15.01(a)
(Vernon 2003).  An individual commits the offense of capital murder if the
individual “murders more than one person . . . during the same criminal
transaction[.]”  Id. § 19.03(a)(7)(A) (Vernon 2003).  

An individual “acts intentionally, or with intent,
with respect to the nature of his conduct or to a result of his conduct when it
is his conscious objective or desire to engage in the conduct or cause the
result.”  Id. § 6.03(a) (Vernon 2003).  The factfinder may infer a
defendant’s intent from any facts in the record “which tend to prove its
existence, including the acts, words, and conduct of the accused, and the
method of committing the crime and from the nature of wounds inflicted on the
victims.”  Manrique v. State, 994 S.W.2d 640, 649 (Tex. Crim. App.
1999).  The specific intent to kill can be inferred if the defendant used a
deadly weapon in a deadly manner.  Id. at 649 n.1; Godsey v. State,
719 S.W.2d 578, 580-81 (Tex. Crim. App. 1986).         

Appellant contends that the evidence is legally
insufficient to support his conviction because the evidence did not establish
beyond a reasonable doubt that appellant had the specific intent to commit the
offense of capital murder.  Appellant argues that the evidence shows his
actions were “merely reckless” because he fired a handgun in the direction of Larry,
Paul, and Rafael Hernandez; according to appellant, the evidence does not show
that he aimed the gun at any specific person.  Appellant does not contend that
he was not the person who fired the gun.   

We addressed a parallel argument in Rojas v. State,
171 S.W.3d 442 (Tex. App.—Houston [14th Dist.] 2005, pet. ref’d).  In Rojas,
the defendant appealed his conviction for capital murder contending that the
evidence was legally and factually insufficient to establish that he intended
for the victim or another person to die.  Id. at 447.  The defendant
fired his gun from the back seat of a car at a group of people.  Id.  This
court held that the evidence supported “the inference that appellant knew his
shooting the gun in the general direction of a group of people . . . was
reasonably certain to result in a death.”  Id.  

Similar reasoning applies here.  Appellant appeared
at Jeanne’s Joint with a group of five to seven men as “backup” and a loaded 9mm
automatic handgun.  Appellant confronted Larry, Paul, and Rafael Hernandez in
the parking lot of Jeanne’s Joint.  During the confrontation, appellant pulled
out his gun and began “shooting nonstop” at Larry, Paul, and Rafael Hernandez,
who were only a few feet away.  Appellant shot both Larry and Rafael Hernandez
and continued to fire his weapon as they lay wounded on the ground.  Appellant
fired all of the bullets in his weapon before fleeing the scene.   

Viewing the evidence in the light most favorable to
the jury’s verdict, the jury could have found beyond a reasonable doubt that
appellant had the specific intent to commit capital murder based on the
inference that shooting all of the bullets in his gun at Larry, Paul, and
Rafael Hernandez at short range was reasonably certain to result in a death.  See
Rojas, 171 S.W.3d at 447.

Appellant bases his factual sufficiency challenge on
the same grounds as his legal sufficiency challenge — that his actions were
merely reckless.  We rejected this argument in Rojas.  Viewing the
evidence in a neutral light, we conclude the evidence is factually sufficient
to justify the jury’s conviction of appellant for the offense of attempted
capital murder.  See id.  The jury’s finding is neither clearly wrong
nor manifestly unjust.  See Lancon, 253 S.W.3d at 706-07; Watson,
204 S.W.3d at 414-15; Martinez, 129 S.W.3d at 106. 

We overrule appellant’s first and second issues.

II.        Ineffective
Assistance of Counsel

We review claims of ineffective
assistance of counsel under the standard set forth in Strickland v.
Washington, 466 U.S. 668 (1984).  An appellant must establish that (1) his
trial counsel’s representation was deficient; and (2) the deficient performance
was so serious that it deprived the appellant of a fair trial.  Id. at
687.  To establish these prongs, the appellant must establish by a preponderance
of the evidence that (1) counsel’s representation fell below the objective
standard of prevailing professional norms; and (2) there is a reasonable probability
that, but for counsel’s deficiency, the result of the proceeding would have
been different.  Id. at 690-94. A reasonable probability is one
sufficient to undermine confidence in the outcome of the trial.  Id. at
694; Ex parte Ellis, 233 S.W.3d 324, 330-31 (Tex. Crim. App. 2007).  This
test is applied to claims arising under the Texas Constitution as well as those
arising under the United States Constitution.  Hernandez v. State, 726
S.W.2d 53, 56-57 (Tex. Crim. App. 1986) (en banc).

A criminal defendant is entitled to effective
assistance of counsel.  Strickland, 466 U.S. at 680; Stafford v.
State, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991) (en banc); see also
U.S. Const. amend. VI.  But this
right does not entitle a defendant to errorless counsel or counsel whose
competency is judged by hindsight.  Stafford, 813 S.W.2d at 506.  Rather,
this right affords a criminal defendant an attorney reasonably likely to render
reasonably effective assistance.  Strickland, 466 U.S. at 680; Stafford,
813 S.W.2d at 506.  When reviewing a claim of ineffective assistance of counsel,
we look to the totality of the representation and not to isolated instances of
error or to a single portion of the trial.  Thompson v. State, 9 S.W.3d
808, 813 (Tex. Crim. App. 1999); Rivera-Reyes v. State, 252 S.W.3d 781,
788-89 (Tex. App.—Houston [14th Dist.] 2008, no pet.).  Appellate review of
trial counsel’s representation is highly deferential and presumes that counsel’s
actions fell within the wide range of reasonable and professional assistance.  Garza
v. State, 213 S.W.3d 338, 348 (Tex. Crim. App. 2007).

If the reasons for counsel’s
conduct at trial do not appear in the record and it is at least possible that
the conduct could have been grounded in legitimate trial strategy, we will
defer to counsel’s decisions and deny relief on an ineffective assistance claim
on direct appeal.  Id.  To warrant reversal when trial counsel has not
been afforded an opportunity to explain those reasons, the challenged conduct
must be “‘so outrageous that no competent attorney would have engaged in it.’” 
Roberts v. State, 220 S.W.3d 521, 533-34 (Tex. Crim. App. 2007), cert.
denied, 128 S.Ct. 282
(2007) (quoting Goodspeed v. State, 187 S.W.3d 390, 392 (Tex.
Crim. App. 2005)).  A vague, inarticulate sense that counsel could have
provided a better defense is not a legal basis for finding counsel
constitutionally deficient.  Bone v. State, 77 S.W.3d 828, 836 (Tex. Crim.
App. 2002).  

Appellant did not file a motion for new trial based
on ineffective assistance of counsel and did not develop evidence of trial
counsel’s strategy for appellate review.  Therefore, to warrant reversal, the
challenged conduct must be “so outrageous that no competent attorney would have
engaged in it.”  Roberts, 220 S.W.3d at 533-34.  

Appellant first contends that his trial counsel was
ineffective because he failed to file a motion to quash the indictment and move
for an instructed verdict.  Appellant argues that an individual cannot commit
the offense of attempted capital murder unless a person is actually murdered. 
We expressly rejected this argument in Valadez v. State, 979 S.W.2d 18 (Tex.
App.—Houston [14th Dist.] 1998, pet. ref’d).  In Valdez, we held that
shooting and injuring two or more people during the same criminal transaction
constitutes an act amounting to more than mere preparation for the purposes of
attempted capital murder.  Id. at 20; see also Hidalgo v.
State, 945 S.W.2d 313, 316 (Tex. App.—San Antonio 1997), aff’d, 983
S.W.2d 746 (Tex. Crim. App. 1999) (holding that attempting to murder more than
one person in the same criminal transaction is sufficient to support an
attempted capital murder conviction).  

Appellant next contends his trial counsel (1) “opened
the door” for admission of evidence regarding his prior felony conviction for
the offense of possession of a controlled substance to be admitted by placing a
reputation witness on the stand; and (2) failed to object to the form of the State’s
cross-examination questions of his reputation witness.  At trial, appellant’s
trial counsel elicited testimony from witnesses regarding his reputation for
honesty, truthfulness, and being a law abiding citizen.  In response, the State
asked appellant’s reputation witness if she “was aware” that appellant had been
convicted for possession of a controlled substance.  Appellant contends that
the State’s question should have been phrased in the “have you heard” form
because it was posed to a “reputation” witness rather than an “opinion” witness. 
Texas Rule of Evidence 405(a) does not draw a distinction between “reputation”
witnesses and “opinion” witnesses and does not limit cross-examination of
character witnesses to any particular form.  See Tex. R. Evid. 405(a) (Vernon
2003); see also Murphy v. State, 4 S.W.3d 926, 932 (Tex. App.—Waco 1999,
pet. ref’d).[1] 
Further, we cannot say that appellant’s trial counsel’s decision to solicit
character testimony from a witness was not grounded in sound trial strategy.

Based on the record before us, we cannot say that the
challenged conduct was “so outrageous that no competent attorney would have
engaged in it.”  See Roberts, 220 S.W.3d at 533-34.    

We overrule appellant’s third and fourth issues.     

Conclusion

            We affirm the
trial court’s judgment.

 








                                                                                                

                                                                        

                                                            /s/        William
J. Boyce

                                                                        Justice

 

 

 

Panel consists of Justices Anderson, Boyce,
and Mirabal.[2]

Do
Not Publish— Tex. R. App. P. 47.2(b).









[1]
We acknowledge that the better practice is to follow the traditional method of
impeaching reputation witnesses with “have you heard” questions.  See Wilson
v. State, 71 S.W.3d 346, 350 (Tex. Crim. App. 2002).





[2]
Senior Justice Margaret Garner Mirabal sitting by assignment.