Gabriel Walter CUADRA, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–85–326–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

July 3, 1986.
Rehearing Denied Aug. 28, 1986.

Luis F. Suarez, Houston, for appellant.

James M. Kuboviak, Sean K. Procter,
Byran, for appellee.

Before PAUL PRESSLER, SEARS and
CANNON, JJ.

PAUL PRESSLER, Justice.

On August 28, 1984, appellant, an officer in the corp of cadets at Texas A & M University, ordered a cadet to prepare a written list of physical exercises. Appellant received a draft of the list, reviewed it, corrected it, and approved its final form. Appellant then commanded two cadets to perform the exercises at 2:00 a.m., on August 30th. At 3:15 a.m. after performing the exercises, one of the cadets, Bruce Goodrich, fell gravely ill and died within twelve hours.

While investigating appellant for reckless conduct, the Texas A & M police learned of the list of exercises. On August 31, an officer telephoned appellant and asked for the list. Appellant agreed to provide the list, but upon obtaining it from another cadet, appellant tore it up and disposed of the pieces.

Appellant was indicted and convicted of the misdemeanor offense of tampering with evidence. Punishment was assessed at a $500.00 fine, probated for one year.

Appellant brings four grounds of error. In his first, he argues that his conviction is void because the underlying penal statute is unconstitutionally vague in violation of due process.

Appellant was convicted of violating Tex. Penal Code Ann. § 37.09(a)(1), (b) (Vernon 1974) which states:

> (a) a person commits an offense if, knowing that an investigation or official proceeding is pending or in progress, he:
>
> > (1) alters, destroys, or conceals any record, document or thing within intent to impair its verity, legability, or availability as evidence in the investigation or official proceeding.
> >
> > (b) this section shall not apply if the record, document, or thing concealed is privileged or is the work product of the parties to the investigation or official proceeding.

Appellant argues that the words "investigation" and "privilege" are so inadequately defined that fair notice is not given as to what is forbidden.

To determine whether a statute is unconstitutionally vague, it must be applied to the exact facts presented in the case at hand. If the statute gives *that* defendant proper notice under the particular fact situation, the statute is not void for being vague. *McCarty v. State,* 616 S.W.2d 194 (Tex.Crim.App.1981).

While the term "investigation" is not specifically defined in section 37.09, it is not so vague as to make persons of common intelligence guess as to its meaning. Appellant knew that the police were investigating him for reckless conduct and that the exercise list was going to be used as evidence in that investigation. Given the wording of section 37.09, an ordinary person exercising ordinary common sense would have been put on notice that it was wrong to destroy and dispose of the list during an on-going police investigation. Appellant was not forced to guess whether his behavior was prohibited. *See McCarty, supra.*

Appellant also contends that the word "privileged" as used in subsection (b) is vague. Again we must apply this subsection of the statute to this fact situation. Here appellant *destroyed* the exercise list and disposed of it. Subsection (b) clearly states that 37.09 will "not apply if the record, document, or thing *concealed* is privileged ..." (emphasis added). Any reference to the words "alter" or "destroy" are conspicuously missing in subsection (b). Concealing a document is quite different from destroying one. A reading of subsection (b) shows that whether a document is privileged is relevant only when that document has been concealed. Since the evidence shows that appellant destroyed the exercise list, the question of whether subsection (b) is vague is irrelevant because it does not apply here. The first ground of error is overruled.

In his second ground of error, appellant argues that his conviction is void because the underlying statute violates the privilege against self-incrimination when applied to him.

In asserting this ground of error, appellant is relying on the Fifth Amendment of the United States Constitution which says:

"No person ... shall be compelled in any criminal case to be a witness against himself."

This privilege against self-incrimination reaches only to the compulsion of an accused's communications. For appellant's ground of error to be sustained, the list of exercises would have had to be testimonial in nature. *Gilbert v. State of California,* 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967).

A person's tax return form has been held to be non-testimonial even though in completing such a form one is answering questions and making affirmative statements. *Garner v. United States,* 424 U.S. 648, 96 S.Ct. 1178, 47 L.Ed.2d 370 (1976); *Fisher v. United States,* 425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976). Here we have no evidence showing that appellant made any statements or communications testimonial in nature. In fact, he admitted that he did not prepare the list but only made a few changes. The list was merely an evidentiary, non-testimonial document containing a number of physical exercises to which the privilege against self-incrimination could not attach. *See Fisher, supra.* The second ground of error is overruled.

In his third ground of error, appellant contends that the trial court erred in refusing to charge the jury that an incriminating document is privileged and that tampering with evidence does not apply to privileged documents.

At trial, appellant requested a jury charge which read:

A privileged document is any incriminating papers in the actual or constructive possession of an individual, which he holds in his individual capacity, rather than a representative capacity, and which he himself wrote or which were written under his immediate supervision.

Appellant's proposed charge is not an accurate statement of the law. All incriminating papers are not privileged. Only incriminating, *testimonial* communications are privileged. *See Fisher, supra.* It was not error for the court to refuse to submit an instruction which incorrectly stated the law.

It was also not improper for the court to refuse appellant's proposed jury charge stating that tampering with evidence does not apply to privileged documents. Even if the list was incriminating, it was not testimonial, and, therefore, no evidence was submitted supporting the defense of privilege. *Garcia v. State,* 528 S.W.2d 604 (Tex.Crim.App.1975); *Johnson v. State,* 571 S.W.2d 170 (Tex.Crim.app.1978). The third ground of error is overruled.

In his fourth ground of error, appellant argues that the trial court erred by refusing to charge the jury on the affirmative defense of specific intent.

The record reflects that the trial court submitted all of the appellant's requested instructions on intent.

The record reflects that the alleged omitted instruction of which appellant complains was submitted by the trial court in its charge to the jury. The fourth ground of error is overruled.

The judgment of the trial court is affirmed.