**John Anthony CARRION, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–95–213–CR.**

Court of Appeals of Texas,
Eastland.

July 11, 1996.

Rehearing Overruled Aug. 1, 1996.

Michael E. Fouts, Scarborough, Tarpley & Fouts, Abilene, for appellant.

James Eidson, Criminal District Attorney, Kollin Shadle, Appellate Section, Criminal District Attorney's Office, Abilene, for appellee.

Before ARNOT, C.J., and DICKENSON and WRIGHT, JJ.

ARNOT, Chief Justice.

The jury convicted John Anthony Carrion of two counts of fabricating physical evidence.[1] The jury found the enhancement paragraphs to be true and assessed his punishment at 75 years confinement for each count.[2] In six points of error, appellant complains that the evidence was legally and factually insufficient to support the verdict, that the trial court erred in not requiring a severance, and that the trial court erred in refusing to allow appellant to be present at the hearing on his motion for new trial. We affirm in part, and we reverse in part.

Appellant's girlfriend, Christina Dean, and his cousin, Vanetta Ann Biggers, made an arrangement allowing Dean to use Biggers' car. The agreement became unworkable, and Biggers wanted Dean to return the car. On October 13, 1993, Dean called the police and reported that Biggers had assaulted her. Terrell Lynn Perkins, Jr., an officer with the Abilene Police Department, arrived at appellant's residence and questioned appellant and Dean about the assault. Appellant and Dean told the officer that Biggers came to the residence, demanded the return of the vehicle, and assaulted Dean. Officer Perkins testified that appellant handed him a stick and claimed that Biggers used it as a club to assault Dean. Officer Perkins subsequently made a police report concerning the assault.

Tommy Pope, a detective with the Abilene Police Department, was later assigned to the case. Detective Pope testified that he began investigating the assault on October 27, 1993. The following day, Detective Pope received an affidavit from appellant in which appellant stated that Biggers had assaulted Dean. Detective Pope next interviewed Biggers, and she denied committing the assault and provided Detective Pope with the names of witnesses who could account for her whereabouts at the time of the alleged assault. Detective Pope confirmed that Biggers was at her aunt's house around the time of the alleged offense and that Biggers had possession of her car at that time. Detective Pope

---

1. TEX.PENAL CODE ANN. § 37.09 (Vernon 1994) defines tampering with or fabricating physical evidence and provides that it is a felony of the third degree.

2. TEX.PENAL CODE ANN. § 12.42(d)(1) (Vernon Supp.1996).

also verified that Biggers had possession of her car on October 12 (the day before the alleged offense) and on the entire day on which appellant claimed Biggers came to repossess the car. The State asserts that appellant and Dean invented the assault as a scheme to get Biggers' parole revoked so that Biggers could not take the car from them. Appellant was subsequently indicted for fabricating physical evidence under TEX.PENAL CODE ANN. § 37.09 (Vernon 1994).

Appellant testified at trial. In his version of the facts, appellant testified that, on October 13, 1993, Biggers came to his residence and demanded the return of the vehicle. Appellant testified that he saw Biggers and Dean struggling and, then, that Biggers hit Dean with a stick. Appellant said that, when he attempted to break up the struggle, Biggers displayed a knife. Biggers then left appellant's residence, and Dean called to report the assault to the police.

The indictment alleged in the first count that appellant committed the offense by fabricating a police report or affidavit and in the second count that appellant committed the offense by fabricating a club. In his second point of error, appellant argues that the evidence was legally insufficient to support his conviction for fabricating physical evidence under the first count of the indictment.

■ In reviewing claims of legal sufficiency, this court follows the standard set out in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Clewis v. State,* 922 S.W.2d 126 (Tex.Cr.App.1996); and *Geesa v. State,* 820 S.W.2d 154 (Tex.Cr.App. 1991). We must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Section 37.09 provides:

(a) A person commits an offense if, knowing that an investigation or official proceeding is pending or in progress, he:

\*      \*      \*      \*      \*      \*

(2) makes, presents, or uses any record, document, or thing with knowledge of its falsity and with intent to affect the course and outcome of the investigation or official proceeding.

In order to commit the offense of fabricating physical evidence as alleged in the first count of the indictment, the record would have to show that appellant made the police report or affidavit, a document or record, with the knowledge of its falsity. The record shows that Officer Perkins made the police report concerning the assault after interviewing both Dean and appellant. The report was used exclusively by the Abilene Police Department in investigating the assault. Officer Pope testified that he requested that appellant give a statement. Officer Pope then wrote the affidavit in his own handwriting, and appellant signed it and swore to it. Appellant gave information that was later put into a police report and gave an affidavit.

Appellant argues that the evidence shows that he gave false statements to the police but that the police wrote the report and typed the affidavit. Therefore, appellant claims that he could not have made the false record. The issue in this case is whether facts that would establish that appellant had committed the offense of perjury[3] or making a false report to a peace officer[4] rise to the level sufficient to establish the offense of fabricating physical evidence.[5] We find no cases where solely giving a false statement rises to the level of fabricating physical evidence. The reported cases brought under the statute of tampering with or fabricating physical evidence concern matters where the defendant has altered, destroyed, or concealed physical evidence. In *Spector v. State,* 746 S.W.2d 945 (Tex.App.—Austin 1988, no pet'n), after a stop and search, the defendant tore a marihuana cigarette in half

---

3. TEX.PENAL CODE ANN. § 37.02 (Vernon 1994).

4. TEX.PENAL CODE ANN. § 37.08 (Vernon 1994).

5. TEX.PENAL CODE ANN. § 37.09 (Vernon 1994).

and attempted to throw it away. The contents and remains of the cigarette were recovered and used to convict the defendant for possession of marihuana. The court held that this evidence of the attempted destruction of evidence was legally insufficient to show that the defendant destroyed evidence within the meaning of Section 37.09(a)(1). *Cuadra v. State,* 715 S.W.2d 723 (Tex.App.— Houston [14th Dist.] 1986, pet'n ref'd), involved the conviction of an officer in the Corps of Cadets at Texas A & M for tampering with evidence. A written list of exercises was completely destroyed after the police officer investigating reckless conduct asked for the list. The sufficiency of the evidence was not challenged. The court held that the conviction did not violate the cadet officer's fifth amendment privilege against self-incrimination. In *Dillard v. State,* 640 S.W.2d 85 (Tex.App.—Fort Worth 1982, no pet'n), the defendant admitted to the grand jury that he told the sheriff's deputy that he did not have a stolen radio when in fact he did have possession of the radio. The court held that this statement, given to the grand jury and introduced at trial, was inadmissible and that the remaining evidence was insufficient to show that the defendant concealed evidence.

■ Appellant asserts that the evidence shows that he did not physically manufacture the false record. We disagree. Appellant signed the affidavit. Upon signing the affidavit, appellant adopted its contents knowing that the affidavit was to be used to affect the outcome of the investigation against Biggers. Reviewing all the evidence in the light most favorable to the verdict, we find that a rational trier of fact could have found all of the essential elements of the crime beyond a reasonable doubt. Appellant's second point of error is overruled.

■ In his fourth point of error, appellant argues that the evidence is factually insufficient to support the conviction for fabricating physical evidence under the first count of the indictment. In reviewing a claim of factual sufficiency, we must view all of the evidence and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.

*Clewis v. State,* supra. Appellant did not deny giving the statement or signing the affidavit. Appellant asserts that the assault occurred and that the contents of the affidavit are true. The jury believed the State's evidence that the assault did not occur and that the contents of the affidavit were false. Reviewing all of the evidence, we find that the evidence is factually sufficient to support the conviction for fabricating physical evidence under the first count of the indictment. Appellant's fourth point of error is overruled.

■ We now address appellant's third point of error complaining of the legal sufficiency of the evidence to support a conviction under the second count of the indictment. In order to commit the offense of fabricating physical evidence as alleged in the second count of the indictment, the record would have to show that appellant presented the club, a thing, with the knowledge of its falsity. The record indicates that appellant told Officer Perkins that the club was used in the assault. It was appellant's statement to Officer Perkins that was false, not the club. An oral statement is not physical evidence. Although the record supports a finding that appellant lied to both Officer Perkins and Officer Pope concerning the assault, a rational trier of fact could not have found the essential elements of fabricating physical evidence beyond a reasonable doubt.

Appellant's third point of error is sustained. Because we have sustained appellant's third point of error, we need not address Point of Error No. 5 challenging the factual sufficiency to support the verdict as to this count. Accordingly, we reverse appellant's conviction as to this count and order an acquittal as to this charge. *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Gibbs v. State,* 610 S.W.2d 489 (Tex.Cr.App.1980).

■ In his first point of error, appellant argues that the trial court erred in not requiring a severance of the two allegations in the indictment. The indictment charged appellant with committing two offenses of fabricating physical evidence. However, the indictment mistakenly labeled the two "counts" as "paragraphs." The term "count" is used

to charge an offense; in contrast, a "paragraph" is used to charge a method of committing the offense. *Easter v. State*, 867 S.W.2d 929 (Tex.App.—Waco 1993, pet'n ref'd); *Renfro v. State*, 827 S.W.2d 532 (Tex. App.—Houston [1st Dist.] 1992, pet'n ref'd).

The State was authorized to join the two offenses as separate counts within a single indictment. TEX.CODE CRIM.PRO. ANN. art. 21.24 (Vernon 1989); TEX.PENAL CODE ANN. § 3.01 (Vernon 1994). The State was further authorized to prosecute both offenses in a single trial unless appellant made a timely motion for severance. *Coleman v. State*, 788 S.W.2d 369 (Tex.Cr.App.1990). Appellant filed a motion to compel election. In his motion, appellant stated:

> Defendant moves to require the State of Texas to elect whether it will proceed to trial herein on the first or second paragraph or for such other relief as justice may require, on the ground that the Defendant is prejudiced by the said joinder of offenses. To compel the Defendant to defend against both paragraphs would deprive him of the opportunity to present his defenses and to otherwise have a fair trial.

Appellant urges that his case is similar to the motion for severance discussed in *Overton v. State*, 552 S.W.2d 849 (Tex.Cr.App.1977). However, unlike *Overton*, we do not find that appellant's motion to compel election "amounted to" a motion for severance. At trial, appellant asked the court to "compel the State to elect which count and which paragraph it intends to charge the jury on and we can stick to that." Appellant does not raise the same point of error that he preserved at trial. TEX.R.APP.P. 52(a). Consequently, appellant's first point of error is overruled.

In his sixth point of error, appellant contends that the trial court committed reversible error under TEX.CODE CRIM.PRO. ANN. art. 33.03 (Vernon 1994) in refusing the presence of appellant at a hearing on the motion for new trial. Appellant timely objected to having the hearing in his absence.

There must be an actual showing of injury or a showing of facts from which injury can be inferred in order to require a reversal under Article 33.03. *Mares v. State*, 571 S.W.2d 303 (Tex.Cr.App.1978). The record reflects that appellant did not intend to offer his testimony at the hearing. Appellant asserted two points in his motion for new trial. The first was that the evidence was insufficient to support the verdict, and the second was that the trial court erred in not granting a severance of the two counts. The court indicated that appellant would not be permitted to testify concerning either of the two counts. Appellant has not shown and we do not find that he was injured from his absence at the hearing or any facts from which injury can be inferred. We find that the error was harmless beyond a reasonable doubt. *Aguero v. State*, 818 S.W.2d 128 (Tex.App.—San Antonio 1991, pet'n ref'd); *West v. State*, 752 S.W.2d 593 (Tex.App.— Tyler 1987, pet'n ref'd). Appellant's sixth point of error is overruled.

The judgment of the trial court is affirmed in part and reversed in part. The conviction on the first count of fabricating a police report or affidavit as alleged in the first count of the indictment is affirmed. The conviction on the second count of fabricating a club as alleged in the second count of the indictment is reversed, and a judgment of acquittal is rendered.