

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00227-CR
_____

LONNIE KADE WELSH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 154th District Court
Lamb County, Texas
Trial Court No. DCR-5715-18, Honorable Felix Klein, Presiding

February 26, 2019

OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Appellant Lonnie Kade Welsh appeals his conviction by jury of the third-degree felony offense of tampering with or fabricating physical evidence with the intent to affect the course or outcome of an investigation or official proceeding[1] and the resulting court-imposed eleven-year sentence. Through one issue, appellant argues the evidence was insufficient to support his conviction. We agree, and will reverse the court's judgment.

---

[1] TEX. PENAL CODE ANN. 37.09(a)(2) (West 2018).

Background

Appellant is confined in a facility housing persons who have been civilly committed as sexually violent predators.[2] The events leading to his current prosecution began when he became combative while the facility's security staff was transporting him to a medical appointment. His behavior caused the employees to return appellant to the facility rather than taking him to his appointment. Appellant admitted during his testimony at trial that he had a "plan" to cause the employees to use force against him. His purpose for such a plan was to later sue the employees "to get paid" and to show that what the employees are doing at this facility "is actual punishment and not treatment."

Appellant was restrained during the return to the facility. A photograph taken at that time was admitted into evidence, and showed no injuries to appellant. A video taken at that time also was admitted. The video shows appellant's outbursts and the physical resistance that led to his restraint. Nothing in the video shows the staff injured appellant in any way and no injuries are visible. The facility's director of security, Christopher Woods, testified he saw appellant shortly after he was returned to the facility. Woods told the jury that when he returned to speak with appellant about twenty minutes later, he saw appellant through the room window. He saw appellant "punching" himself in the face. A nurse testified she accompanied Woods to perform a medical assessment and heard Woods say appellant was hitting himself in the face. The nurse did not see appellant hit himself but did see he had some swelling on his right eye and a scrape below his hairline. She saw appellant later in the day and he had more injuries to his face, including a

---

[2] Chapter 841 of the Texas Health and Safety Code, providing for civil commitment of sexually violent predators, was enacted in 1999. TEX. HEALTH & SAFETY CODE ANN. § 841.041(a) (West 2015).

contusion and swelling on the left eye.  She told the jury these injuries either "just hadn't swelled up yet or he did more hitting to himself."  She described the injuries as "self-inflicted injuries." Appellant also complained that his left shoulder hurt.  Photographs of appellant's injuries were admitted into evidence.

Appellant asked Woods to call the police so he could file a report of assault by the staff.  Littlefield Police Chief Ross Hester responded to the call and spoke with appellant that day.  Appellant told him the staff "slammed [his] face in the freaking floor . . .".  Hester testified he saw appellant had "some facial injuries" including a "large goose egg type welt underneath his right eye" and "several purplish bruises on his forehead."  Hester noted also the "areas around [appellant's] hands were bluish, kind of swollen . . .".  Hester also reviewed witness statements and the video and concluded appellant had not been assaulted.  He testified that "[f]rom the video I saw, I saw no overt blows being struck or kicks administered or anything that would cause those kinds of injuries to his face."  Woods testified he would not have called the police if appellant had not requested that he do so because the facility has its own investigatory procedure.

At trial, appellant alternately denied, avoided answering or attempted to invoke the protection of the Fifth Amendment when asked whether he inflicted injuries on himself.

Analysis

Appellant was charged by an indictment alleging that he did:

then and there, knowing that an investigation was pending and in progress, to-wit:  an investigation into the Defendant's refusal to return to his cell and the use of force used against the Defendant to cause his return to his cell on November 13, 2017, intentionally and knowingly make and present physical evidence, to-wit: physical injuries on the Defendant's body, caused by the Defendant striking himself with the Defendant's hand and by the

3

Defendant striking himself with an unknown object, with knowledge of the physical evidence's falsity and with intent to affect the course or outcome of the investigation[.]

Appellant argues the evidence is insufficient to support his conviction. The State argues the evidence was sufficient because it showed appellant created the injuries in an effort to accuse the facility's staff of assault falsely and to use the self-inflicted injuries as evidence of that assault.

In a sufficiency review, we examine the evidence to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (plurality op.) (citing *Jackson v. Virginia*, 443 U.S. 307 (1979)); *Vodochodsky v. State*, 158 S.W.3d 502, 509 (Tex. Crim. App. 2005). We review all the evidence in the light most favorable to the verdict and assume the trier of fact resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the verdict. *Rollerson v. State*, 227 S.W.3d 718, 724 (Tex. Crim. App. 2007).

A person violates Penal Code section 37.09 if: (1) knowing that an investigation is pending or in progress; (2) he makes, presents, or uses a thing with knowledge of its falsity; and (3) acts with the intent to affect the course or outcome of the investigation. TEX. PENAL CODE ANN. § 37.09(a)(2); *Wilson v. State,* 311 S.W.3d 452, 465 (Tex. Crim. App. 2010).

The purpose of section 37.09 "is to maintain the honesty, integrity, and reliability of the justice system" and to prohibit persons from creating, destroying, forging, altering or otherwise tampering with evidence that may be used in an official investigation or judicial proceeding. *Wilson,* 311 S.W.3d at 458 (citations omitted). "Obstruction-of-justice

4

offenses, such as tampering with evidence or government documents, address 'the harm that comes from the [actor's] disobedience of the law—damage to the authority of the government; a lessening of the public's confidence in our institutions; public cynicism, fear, and uncertainty; and a social climate that is likely to lead to even greater disobedience.'" *Id.* (citation omitted).

Appellant was charged with violating Penal Code section 37.09(a)(2). In our evaluation of the evidence supporting his conviction, we find guidance in an opinion of the Fort Worth Court of Appeals addressing a prosecution under section 37.09(a)(1), which prohibits the alteration, destruction or concealment of evidence. *Rotenberry v. State,* 245 S.W.3d 583, 586 (Tex. App.—Fort Worth 2007, pet. ref'd); Tex. Penal Code Ann. § 37.09(a)(1). The defendant in that case concealed a body in a septic tank and then lied to police, telling the officer he did not know where the individual was. 245 S.W.3d at 584. Police were unable to charge the defendant with concealing physical evidence by hiding the body because the statute of limitations had expired. *Id.* at 586. So, the defendant was charged under section 37.09(a)(1) with concealing physical evidence by telling the officer he did not know where the individual was. The court found the "State's theory of liability is flawed" because when the defendant lied to the officer, he "concealed *information,* not *physical evidence." Id.* (emphasis in original). The court pointed out the caption of section 37.09, which reads, "Tampering with or Fabricating *Physical* Evidence." *Id.* at 586-87 (noting that its caption is one factor courts may consider when construing a statute) (citations omitted) (emphasis in original). Holding the defendant concealed information by lying to the officers but did not conceal physical evidence, the court vacated the trial court's judgment of conviction and dismissed the indictment. *Id.* at 589.

5

We find guidance also in *Carrion v. State,* 926 S.W.2d 625 (Tex. App.—Eastland July 11, 1996, pet. ref'd), in which the court applied a like rationale in a prosecution under section 37.09(a)(2). The case involved a challenge to the sufficiency of the evidence supporting convictions on two counts of fabricating physical evidence. The record showed the defendant's girlfriend called police to report that another woman had assaulted her. When police arrived, the defendant handed the officer a "stick" and told the officer the woman used it "as a club to assault" his girlfriend. *Id.* at 626. In analyzing whether the evidence was sufficient to support the conviction under the second count for fabricating physical evidence, the court found the record would have to show the defendant "presented the club, a thing, with knowledge of its falsity." *Id.* at 628. However, the court said, the record showed that it was the defendant's statement to the police officer that the club was used in the assault that was false, not the club. *Id.* The court went on to say that "[a]n oral statement is not physical evidence." *Id.* It concluded that the record supported a finding the defendant lied to two police officers concerning the assault, but a rational trier of fact could not have found the essential elements of fabricating physical evidence. *Id.*

In the case before us, the State argues the evidence was sufficient to support appellant's conviction because it showed he inflicted injuries on himself for the purpose of using them as evidence of an assault that never occurred. But like the stick in *Carrion*, appellant's injuries, assuming they are to be considered a "thing," are undisputedly real. What is false is appellant's allegation that the staff caused those injuries by assaulting him. This is like the false statement by the defendant in *Carrion* that the stick was used as a club. *Carrion,* 926 S.W.2d at 626. It is the conveyance of false information, not the

6

making, presenting, or using of physical evidence with knowledge of its falsity that occurred here.

The court in *Rotenberry* noted also that the two Penal Code provisions preceding section 37.09 prohibit conveyance of false information. *Rotenberry,* 245 S.W.3d at 587 (citing TEX. PENAL CODE ANN. §§ 37.08 (False Report to Peace Officer, Federal Special Investigator, or Law Enforcement Employee), 37.081 (False Report Regarding Missing Child or Missing Person)). The court there concluded that "[l]ying to conceal information material to an investigation is a crime, but it is not a violation of section 37.09." *Id.* We express no opinion on the applicability of other Penal Code provisions to the facts of this case, but conclude merely that the conveyance of knowingly false information about the cause of real injuries is not a violation of section 37.09(a)(2). Accordingly, we sustain appellant's issue challenging the sufficiency of the evidence to support his conviction.

## Conclusion

Having sustained appellant's issue, we reverse the judgment of the trial court. We have considered whether reformation of the judgment to reflect a conviction for a lesser-included offense is called for. *See Thornton v. State*, 425 S.W.3d 289, 300 (Tex. Crim. App. 2014). We see no lesser-included offense as to which the two questions outlined in *Thornton*, *id.* at 300, can be answered in the affirmative. Accordingly, we will issue a judgment of acquittal.

James T. Campbell
Justice

Publish.

7