# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 9, 2023

Lyle W. Cayce
Clerk

No. 22-10124

---

Lonnie Kade Welsh,

*Plaintiff—Appellant*,

*versus*

Lamb County, *in its Individual Capacity*; Sheriff Gary Maddox, *in his Individual Capacity*; Administrator Misty Diaz, *Individual Capacity and Official Capacity as Policy Maker for Lamb County*; Chief Deputy Craig Thompson, *in his Individual Capacity and Official Capacity as policy maker of Lamb County*; Deputy Jonathan Martinez; Deputy Denis NLN, *in her Individual Capacity*; Scott Say, *in his Individual Capacity, 154th Lamb County District Attorney*; Logan Knox,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:20-CV-24

---

Before Smith, Higginson, and Willett, *Circuit Judges*.

Stephen A. Higginson, *Circuit Judge*:[*]

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-10124

Lonnie Kade Welsh, proceeding *pro se*, appeals the dismissal of his civil-rights claims against Lamb County, Texas and multiple officials at the Lamb County Jail, stemming from Welsh's detention at the Jail from November 2017 to June 2018. The defendant-appellees have not made an appearance in this appeal.

For the following reasons, we AFFIRM in part, DISMISS in part, and REVERSE and REMAND in part.

**I.**

Welsh was charged with tampering with or fabricating physical evidence and was detained in the Lamb County Jail from November 28, 2017 to June 20, 2018 while awaiting trial. On March 4, 2020, Welsh filed a complaint in federal court under 42 U.S.C. § 1983, seeking money damages based on twelve counts for relief, alleging various constitutional violations during his period of pretrial detention at the Jail. Among other claims, Welsh alleged that he was (i) deprived of due process based on the conditions in a holding cell where he was confined for three days, and was (ii) denied access to a law library.

To assist with preliminary screening under 28 U.S.C. § 1915, the magistrate judge had Welsh fill out a questionnaire to further develop his factual allegations. Having reviewed the complaint and Welsh's questionnaire responses, the magistrate judge prepared a thirty-seven-page Report and Recommendation ("R&R") recommending dismissal of most of his claims under 28 U.S.C. § 1915(e)(2)(B). Welsh objected to the R&R. The district court adopted the R&R in part, dismissing most of Welsh's claims, and then entered final judgment as to the dismissed claims under Federal Rule of Civil Procedure 54(b). Welsh timely appealed.

No. 22-10124

## II.

We have jurisdiction to hear Welsh's appeal despite the ongoing proceedings in the district court, because the district court properly entered a "nonfinal judgment[] certified as final under" Rule 54(b). *Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enters., Inc.*, 170 F.3d 536, 538 (5th Cir. 1999).

While Welsh also purports to appeal the denial of his motion to amend his complaint to allege antitrust violations, this order was not included in the Rule 54(b) judgment, and no other basis for jurisdiction exists. *See id.* We therefore dismiss this portion of Welsh's appeal.

## III.

As to the claims over which we have jurisdiction, we review a dismissal under 28 U.S.C. § 1915(e)(2)(B) *de novo*, applying the same standard used to review a dismissal under Rule 12(b)(6). *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 419 (5th Cir. 2017) (per curiam). Accordingly, "we review the district court's dismissal 'taking the facts alleged in the complaint as true and viewing them in the light most favorable to' the plaintiff." *Id.* (quoting *Green v. Atkinson*, 623 F.3d 278, 280 (5th Cir. 2010)). We construe *pro se* briefs liberally, but "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to state a claim for relief." *Coleman v. Lincoln Par. Det. Ctr.*, 858 F.3d 307, 309 (5th Cir. 2017) (per curiam) (internal quotation marks and citation omitted).

Welsh contends that the district court erred by dismissing his claims alleging: (1) a substantive due-process violation based on the conditions in a holding cell where he was confined for three days; (2) due-process violations based on Welsh's claim that his mental illness precluded the finding that he

3

committed a disciplinary offense and that he did not receive all process he was due; (3) violations of his First, Fourth, and Fourteenth Amendment rights based on the denial of telephone privileges and the resulting inability to post bail; (4) violations of the Fourth Amendment when his legal papers were confiscated; (5) constitutional violations based on the denial of access to a law library in connection with his criminal charges and two civil lawsuits; and (6) violations of the First and Fourteenth Amendments based on exorbitant pricing for phone calls and commissary items.[1]

Having considered Welsh's arguments and reviewed the record, we find no error in the district court's dismissal of claims (2), (3), (4), and (6). We affirm the dismissal of those claims for the reasons given by the district court.

This leaves Welsh's claims arising out of (1) the conditions in his holding cell, and (2) the denial of access to a law library. These two claims require further discussion, and we address each in turn.

## A.

The district court dismissed Welsh's substantive due-process claim arising out of the conditions in his holding cell on the basis that the alleged deprivations were *de minimis*. The court noted that Welsh alleged that he had been denied meal service,[2] hygiene items, recreation, and bedding over the course of his three days in the holding cell, and that under relevant case law,

---

[1] Welsh does not brief the district court's dismissal of his claim arising out of the denial of access to books and a dictionary, or his claim under the Privileges and Immunities Clause. He has therefore abandoned these claims. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

[2] Specifically, Welsh alleged that he was fed a "food loaf," which is "several items of food compacted together."

including this court's decision in *Hamilton v. Lyons*, 74 F.3d 99 (5th Cir. 1996), these impositions were "relatively minor discomforts" that were not of constitutional dimension.

Looking to the allegations as summarized by the district court, the impositions on Welsh in the holding cell may indeed appear *de minimis*. The problem is that Welsh's most troubling allegation was not mentioned by the district court. Specifically, Welsh alleges that, during his three days in the holding cell, "the defendants made [him] drink from the toilet for substance to satisfy his thirst." To support this allegation, Welsh attaches a transcript from a pretrial hearing in his criminal case, held a few months after the alleged deprivation, where he told the state trial judge that he "had to drink out of the toilet because they wouldn't bring [him] water."

Welsh did not include this allegation in his initial complaint or in his responses to the magistrate judge's questionnaire. He alleged this fact and attached the supporting transcript for the first time in his objections to the magistrate judge's R&R. But this is not fatal to his claim. We have explained that a "district court may construe an issue raised for the first time in an objection to a magistrate judge's report and recommendation as a motion to amend [the] complaint." *United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996) (per curiam). We review the denial of such a motion for abuse of discretion. *Id.*

Here, in adopting the magistrate judge's R&R as to this claim, the district court did not mention Welsh's added allegation that he was forced to drink from the toilet.[3] We therefore construe the district court's order as having denied the motion to amend. *See Moler v. Wells*, 18 F.4th 162, 167-68

---

[3] The court addressed and ruled on other requests by Welsh to amend his pleadings, but none relates to this factual allegation.

(5th Cir. 2021) (noting that, when the district court "did not state whether it construed" plaintiff's objections to a magistrate judge's R&R as a motion to amend his complaint, it "implicit[ly] deni[ed]" such a motion); *Place v. Thomas*, 61 F. App'x 120, 2003 WL 342287, at *1 (5th Cir. 2003) (same).

Two key observations inform our assessment of whether this denial was an abuse of discretion. First, Welsh is a *pro se* litigant whose pleadings must be liberally construed. *Riascos*, 76 F.3d at 94 (citation omitted). Second, and more significantly, Welsh's added allegation substantially refutes the magistrate judge's conclusion, adopted by the district court, that the impositions on his liberty in the holding cell were *de minimis*. Accepting Welsh's factual allegations as true, as we must, we cannot say that the denial of drinking water for several days, requiring Welsh to drink out of the toilet,[4] is a *de minimis* imposition such that his constitutional right to be free from punishment as a pretrial detainee was not implicated. *See Bell v. Wolfish*, 441 U.S. 520, 535-40 (1979). Being forced to satisfy one's thirst by drinking toilet water is more than a "minor discomfort[]." Notably, *Hamilton*, which the district court relied on, did not involve an allegation of this magnitude. *See Hamilton*, 74 F.3d at 106 (finding *de minimis* impositions where the detainee alleged that "he was denied visitation, telephone access, recreation, mail, legal materials, sheets, and showers for a three-day period").

Because Welsh was *pro se*, and because his added factual allegation defeats the sole basis for the dismissal of his claim, we conclude that the

---

[4] Welsh also, and correspondingly, alleged that he was denied running water in the holding cell. This suggests that Welsh could not, for example, drink out of the sink. That said, we note that the magistrate judge observed video surveillance from Welsh's first day in the holding cell, showing Welsh "pacing in a small cell that has a bed, mattress, pillow, toilet, and sink (with running water)." While this finding tends to undermine Welsh's factual allegation, it remains possible that he had running water on the first day, but not thereafter. In any case, we cannot resolve the fact question *against* Welsh at this stage.

district court abused its discretion in failing to consider the added allegation in ruling on Welsh's objections. *See Riascos*, 76 F.3d at 94-95 (holding that, where the "district court made no specific reference" to a *pro se* petitioner's meritorious allegation raised for the first time in his objection to an R&R and adopted the R&R's recommended dismissal of the relevant claim, the court abused its discretion in failing to construe the objection as a motion to amend); *Moler v. Baty*, No. 19-31015, 2022 WL 4244279, at *2 (5th Cir. Sept. 15, 2022) (per curiam) (summary calendar) ("Because [plaintiff]'s objections to the magistrate judge's report and his motion to amend his complaint . . . raised [an issue that] undermines the basis for dismissing his due process claim, that claim should not have been dismissed on that basis.").

Because the court erred in failing to consider Welsh's allegation that he was forced for several days to drink from the toilet, we reverse the dismissal of his due-process claim arising out of the conditions in his holding cell. We remand with instructions that the full scope of Welsh's factual allegations be considered under the law governing pretrial detainees' due-process rights.

**B.**

The district court dismissed Welsh's claim based on the denial of law-library access in relevant part[5] on the basis that Welsh had no right to a law library because he waived his right to counsel in the state criminal proceeding when he decided to proceed *pro se*. Welsh contends that his claim should survive because his waiver of counsel's assistance was not knowing and voluntary.

---

[5] Our discussion of Welsh's law-library claim here is confined to the claim as it pertains to his state criminal proceeding, not his federal civil lawsuits. We affirm the dismissal of the claim vis-à-vis his civil suits for the reasons given by the district court.

No. 22-10124

**1.**

Welsh submitted some relevant excerpts from his state-court proceedings, including two pretrial hearings before the state trial judge. At a hearing in March 2018, the judge asked if Welsh was "asking the Court to waive [his] right to counsel so that [he] can represent [himself]," to which Welsh responded, "[t]hat's correct, Your Honor." The trial judge then proceeded to warn Welsh of the various risks of self-representation. Most notably, the judge told Welsh, "[i]f you are incarcerated at any point from now until the beginning of the trial, your ability to adequately prepare for your trial could be significantly hindered." Asked if he understood that, Welsh responded, "I do, Your Honor." The judge told Welsh that he believed that it was "a mistake" for Welsh to proceed *pro se*, and Welsh said he understood. The judge later reiterated, "I do want you to know I think this is a very grave mistake on your part." Welsh responded, "Thank you."

The judge ruled that he would allow Welsh to proceed *pro se*. But as the discussion continued, Welsh became more hesitant to do so. The trial judge asked if Welsh wanted "some additional time to consider" whether he wanted to represent himself. Welsh said yes. The trial judge then stated that he withdrew his ruling on Welsh's request to self-represent and that the court would set a future date, before trial, for Welsh to re-urge his request. The judge also noted that at that point in time, Welsh would still be represented by his appointed attorney.

Around two months later, the trial judge conducted another hearing. Although Welsh does not provide any intervening hearing transcripts or evidence of other developments, it is undisputed that by the time of this hearing, Welsh was representing himself. During that hearing, Welsh sought to continue his trial and "object[ed] to not being able to go to the law library based off [his] Sixth Amendment right to effective assistance of counsel and

8

the minimum of due process." He explained that he had been allowed to go to the law library for only "two hours for the entire time [he had] been allowed access." He said that he understood "the access to the law library [to be] a constitutional right." In response to Welsh's assertions, the prosecutor said that not having access to legal resources was "part of the risk that [the court] warned him of when he decided to" represent himself. The judge denied Welsh's motion to continue the trial, and the law library was not discussed further.

Welsh ultimately defended himself *pro se* at trial and was convicted and sentenced to eleven years' imprisonment. *See Welsh v. State*, 570 S.W.3d 963, 964–65 (Tex. App.—Amarillo 2019). His conviction was later overturned for insufficient evidence. *Id.* at 965-69.

Now, in this § 1983 case, Welsh alleges that he "did not want an attorney because [he] knew [he] either had to have an attorney or be allowed the law library when [he] was at the jail before." Welsh submitted an affidavit stating that he was "admonished that attorney Jim Shaw would be [his] stand by counsel," but about two weeks after that admonishment, Shaw stopped answering his letters. Welsh further attests that he "was under the understanding that [he] was going to have access to the law library in Lubbock," and that he "would have never ever, ever . . . represented [him]self if [he] knew [he] wouldn't have any law library access or stand by counsel."

**2.**

We have held, based on the Supreme Court's decision in *Bounds v. Smith*, 430 U.S. 817 (1977), that "a prisoner who knowingly and voluntarily waives appointed representation by counsel in a criminal proceeding is not

entitled to access to a law library." *Degrate v. Godwin*, 84 F.3d 768, 769 (5th Cir. 1996) (per curiam) (citations omitted).[6]

Welsh asserts that the *Degrate* rule should not bar his access-to-courts claim because his waiver of court-appointed counsel was not knowing or voluntary. We disagree. To ensure that a defendant's waiver of counsel is "valid," *United States v. Virgil*, 444 F.3d 447, 453 (5th Cir. 2006) (citation omitted), the trial judge must warn a defendant of "the dangers and disadvantages of self-representation," *Faretta v. California*, 422 U.S. 806, 835 (1975). Doing so ensures that that defendant "knows what he is doing and [that] his choice is made with eyes open." *United States v. Cano*, 519 F.3d 512, 516 (5th Cir. 2008) (internal quotation marks and citation omitted).

But as this court has explained, there is "no sacrosanct litany for warning defendants against waiving the right to counsel." *United States v. Jones*, 421 F.3d 359, 363 (5th Cir. 2005) (quoting *United States v. Davis*, 269 F.3d 514, 519 (5th Cir. 2001)). Instead,

> [i]n determining whether a defendant has effectively waived the right to counsel, the district court must consider various factors, including the defendant's age, education, background, experience, and conduct. The court must ensure that the waiver is not the result of coercion or mistreatment, and must be satisfied that the accused understands the nature of the charges, the consequences of the proceedings, and the practicality of waiving the right to counsel.

*United States v. Joseph*, 333 F.3d 587, 590 (5th Cir. 2003) (citations omitted).

---

[6] Other circuits have held the same. *See United States v. Chatman*, 584 F.2d 1358, 1359 (4th Cir. 1978); *United States v. Smith*, 907 F.2d 42, 45 (6th Cir. 1990); *United States ex rel. George v. Lane*, 718 F.2d 226, 231 (7th Cir. 1983); *United States v. Wilson*, 690 F.2d 1267, 1271 (9th Cir. 1982); *see also Kelsey v. Minnesota*, 622 F.2d 956, 958 (8th Cir. 1980); *Love v. Summit Cnty.*, 776 F.2d 908, 912-14 (10th Cir. 1985).

No. 22-10124

Here, the state trial judge advised Welsh emphatically and at length about the dangers of self-representation. Indeed, the judge warned him specifically that if he were incarcerated at any point, his "ability to adequately prepare for [his] trial could be significantly hindered." The judge also told him that if he proceeded *pro se*, he would not be entitled to the assistance of standby counsel. Welsh stated on the record that he understood these and other warnings.[7] We see no reason to conclude that the trial judge's admonishments in this case were somehow deficient such that Welsh's waiver of counsel was constitutionally compromised.[8]

Welsh's argument is essentially that he thought he would have access to the law library, and it turned out that he was wrong. But Welsh's misunderstanding in this regard does not render his waiver of counsel unknowing or involuntary. This is particularly so in light of the judge's extensive warnings about the risks of proceeding *pro se*—including that incarceration may hinder his ability to prepare his case—as well as the judge's explicit advice that waiving counsel would be "a very grave mistake." Welsh's decision to make that mistake does not save his § 1983 claim. *See*

---

[7] Although Welsh initially asked for more time to decide whether to waive counsel, it is undisputed that he ultimately decided to do so.

[8] To the extent Welsh implicitly argues that, for his waiver to be valid, the judge was required to warn him specifically that he would not be entitled to law-library access, he is wrong. Neither *Degrate* nor *Faretta* imposes such a requirement. *Degrate* asks only if court-appointed counsel was validly waived, and *Faretta* cases—which govern the validity of such a waiver—generally reject any requirement for specific admonishments. *See Davis*, 269 F.3d at 519 ("[W]e require no sacrosanct litany for warning defendants against waiving the right to counsel."); *Landry v. Cain*, 445 F. App'x 817, 823 (5th Cir. 2011) (explaining that "[t]he Supreme Court has not prescribed any formula or script to be read to a defendant who states that he elects to proceed without counsel," and that the "district court must exercise its discretion in determining the precise nature of the warning" (cleaned up) (citations omitted)); *Lopez v. Thompson*, 202 F.3d 1110, 1119 (9th Cir. 2000) ("Although *Faretta* announced a constitutional right to self-representation, it mandated no specific litany or formula to ensure that waivers of counsel are knowing and intelligent.").

*United States v. Smith*, 907 F.2d 42, 45 (6th Cir. 1990) (concluding that "an assessment of the [defendant]'s ability to obtain technical legal research was not relevant in this case in order for the court to determine that the [defendant]'s waiver of counsel was competent," and that, "by knowingly and intelligently waiving his right to counsel, the [defendant] also relinquished his access to a law library").

In sum, *Degrate* instructs that a detainee who waives court-appointed counsel does not have a constitutional right to law-library access. Welsh knowingly and voluntary dismissed his court-appointed lawyer and decided to proceed to trial *pro se*. Under *Degrate*, therefore, the district court's dismissal of Welsh's access-to-courts claim was appropriate. *See Degrate*, 84 F.3d at 769 ("[H]aving rejected the assistance of court-appointed counsel, Degrate had no constitutional right to access a law library in preparing the *pro se* defense of his criminal trial."); *United States v. Whittington*, 269 F. App'x 388, 406 (5th Cir. 2008) (per curiam) ("During the period when [the defendant] did represent himself, both before trial and after, having fired his court-appointed attorney, he had no right to law library access."); *Danmola v. United States*, 736 F. App'x 514, 515 (5th Cir. 2018) (per curiam) ("Because [the defendant] had refused the offer of court-appointed representation, he had no constitutional right of access to a law library in order to prepare for his pro se defense at trial.").

## IV.

For the foregoing reasons, we REVERSE the district court's dismissal of Welsh's substantive due-process claim arising out of the conditions in his holding cell and REMAND for further proceedings consistent with this opinion. We DISMISS for lack of jurisdiction Welsh's

No. 22-10124

appeal of the district court's denial of leave to amend his complaint to add an antitrust claim.

We AFFIRM the judgment of the district court in all other respects.