# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-10311
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
January 8, 2024

Lyle W. Cayce
Clerk

Lonnie Kade Welsh,

*Plaintiff—Appellee*,

*versus*

Lamb County, Texas

*Defendant—Appellant*,

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:20-CV-077

---

Before Higginbotham, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Lonnie Kade Welsh appeals the district court's January 24, 2022, final order dismissing Welsh's claims under 28 U.S.C. § 1915A as well as the district court's order on January 28, 2022, denying Welsh's motion to amend judgment under Federal Rule of Civil Procedure 59(e).

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-10311

Welsh's claims relate to an incident that occurred at the Texas Civil Commitment Center ("TCCC") where Welsh was civilly committed under Texas Health and Safety Code § 841.001 as a sexually violent predator. On or around November 13, 2017, Welsh was being transferred to a medical appointment when he became combative (the "November 2017 incident" or the "incident"). Welsh was returned to TCCC and ultimately presented himself to the nurse with a swollen eye, scrapes, and several additional injuries. Welsh reported the incident to the police, claiming that TCCC staff "slammed" his face into the floor causing injuries. After investigation, the Lamb County Police Department concluded that Welsh had not been assaulted.

Instead, on November 28, 2017, the police arrested and charged Welsh under Texas Penal Code § 37.09 for tampering or fabricating physical evidence on the basis that Welsh harmed himself and falsely reported TCCC staff as the culprit. At trial, Welsh "admitted . . . he had a 'plan' to cause the employees to use force against him' so that he could sue the employees 'to get paid' and to show that what the employees are doing at this facility 'is actual punishment and not treatment.'"[1] He was convicted in May 2018 and received an 11-year sentence.[2] In 2019, however, the Texas Court of Appeals reversed Welsh's conviction.[3]

On March 20, 2022, Welsh filed the current lawsuit against Lamb County, Scott Say, Ricki Redman, Ross Hester, and the City of Littlefield claiming that the investigation and prosecution of the November 2017 incident violated his constitutional rights. Welsh's case was transferred to a

---

[1] *Welsh v. State*, 570 S.W.3d 963, 965 (Tex. App.—Amarillo 2019, pet. denied)

[2] *See generally id.*

[3] *Id.*

No. 22-10311

magistrate judge for initial screening pursuant to 28 U.S.C. § 1915.[4] To better understand Welsh's allegations, the magistrate judge ordered Welsh to complete a Questionnaire and Declaration and further ordered defendants to develop a so-called *Martinez* report, comprised of authenticated records pertaining to the specific allegations made in the complaint. On December 16, 2020, the magistrate judge recommended dismissing Welsh's complaint.[5] The district court adopted the magistrate judge's findings and recommendations over Welsh's objections and later denied Welsh's motion to amend its judgment.

## I.

Since 2019, Welsh has filed multiple lawsuits relating to the 2017 incident in state court and at least 11 cases in the Northern District of Texas.[6] As a result of his multiple filings, a Texas Court of Appeals has deemed Welsh a vexatious litigant.[7] The Northern District of Texas has previously

---

[4] *See* infra n.5.

[5] The magistrate judge noted that Welsh was not subject to the screening provisions of 28 U.S.C. § 1915A because he was confined pursuant to an order of civil commitment and was thus not considered a "prisoner" within the meaning of 28 U.S.C. § 1915(h). However, because Welsh proceeded *in forma pauperis*, the magistrate judge determined he was subject to the screening provisions of 28 U.S.C. § 1915(e)(2)(B). The magistrate's report and recommendations stated that Welsh's complaint was screened pursuant to § 1915(e) but recommended dismissal under § 1915A. Because the magistrate specifically recognized that Welsh's complaint was subject to screening under § 1915(e), and not § 1915A, the Court understands this to have been a typographical error. The district court may correct this error on remand.

[6] Welsh's filings in the Northern District of Texas include cases numbered: (1) 5:17-cv-173 (voluntarily dismissed with prejudice); (2) 5:18-cv-20; (3) 5:19-cv-255; (4) 5:20-cv-24; (5) 5:20-cv-77 (the present case); (6) 5:21-cv-156; (7) 5:22-cv-98; (8) 22-cv-183; (9) 5:22-cv-237; (10) 5:22-cv-237; and (11) 5:23-cv-28. *See also* case number 5-23-CV-890-RP, filed in the Western District of Texas.

[7] *See In re Welsh*, No. 09-23-00027-CV, 2023 WL 2175768, at *1 (Tex. App.—Beaumont 2023, no pet.).

warned Welsh that he would face sanctions for further frivolous filings, as has this Court.[8] The Supreme Court of the United States recently found that Welsh "has repeatedly abused this Court's process."[9]

Across his complaints, Welsh raises similar claims and frequently names the same defendants. Relevant here, Northern District of Texas case number 18-cv-20 and the present case were both brought in the Northern District of Texas; both name Lamb County, Scott Say, Ricki Redman, Ross Hester, and the City of Littlefield as defendants; and, in both cases, Welsh asserts that his constitutional rights were violated during the investigation and prosecution stemming from the November 2017 incident. The multitude of Welsh's filings and parallel issues raised make remand appropriate to consider whether Welsh's current claims are barred by res judicata and the successive claim doctrine.[10] Accordingly, this Court REMANDS this case for the district court to address this question in the first instance.

## II.

"To assist district courts in discerning whether *in forma pauperis* prisoner complaints may proceed, the Fifth Circuit has adopted a procedure

---

[8] *Welsh v. McLane*, No. 20-10412, 2021 WL 5313626 (5th Cir. Nov. 15, 2021).

[9] *Welsh v. Collier*, 143 S. Ct. 1046, *reconsideration denied*, 143 S. Ct. 2454 (2023).

[10] *See Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980) ("Dismissal by the court sua sponte on res judicata grounds, however, is permissible in the interest of judicial economy where both actions were brought before the same court."); *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990) ("However, we conclude that in an action proceeding under section 1915(d), we may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised in the district court . . . . a court of appeals should have latitude in the absence of the defendant, as does the district court, to effect the salutary principles of section 1915(d) by ending the litigation where the plaintiff has no basis on which to succeed."); *see also Omran v. Wyche*, 745 F. App'x 225 (5th Cir. 2018) (affirming dismissal of 18 U.S.C. § 1983 suit subject to the screening provisions of 28 U.S.C. § 1915(e)(2) after district court sua sponte considered res judicata effect of prior suit).

No. 22-10311

from the Tenth Circuit that allows the district court to obtain a supplemental record to further flesh out the facts behind a prisoner's complaint."[11] These documents form a *Martinez* report.[12] [I]f the *Martinez* report conflicts with the *pro se* plaintiff's allegations, the district court must accept the plaintiff's allegations as true, not the records in the report."[13]

Accordingly, the magistrate judge in this case ordered the defendants to provide authenticated records to further develop the facts of the case. On this Court's review, Welsh's version of the facts and those contained in the *Martinez* report are in conflict. In particular, Welsh claims that TCCC staff "slammed" his face into the floor, that he reported this to Ross Hester, and that Hester made false allegations or omitted this information in his later trial testimony. These claims conflict with Hester's account, as contained in the *Martinez* report. Instead of accepting Welsh's allegations as true, it appears that the magistrate judge accepted Hester's affidavit, police report, and grand jury testimony as true when recommending to dismiss Welsh's case, and that the district court followed suit.

Furthermore, both the magistrate and district court judges also referenced the state court opinion reversing Welsh's conviction. Although the court may "take judicial notice of documents in the public record . . . and may consider such documents in determining a motion to dismiss,"[14] the

---

[11] *Davis v. Lumpkin*, 35 F.4th 958, 963 (5th Cir. 2022) (italics in original).

[12] *See Davis*, 35 F.4th at 963; *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997) (stating that the court "may require the defendants in prisoner-rights cases to construct an administrative record to assist the court in determining whether the complaint is frivolous."); *Wilson v. Barrientos*, 926 F.2d 480, 483 (5th Cir. 1991) (requiring that the records be properly identified and authenticated).

[13] *Davis*, 35 F.4th at 964 (italics in original).

[14] *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 639 n.2 (5th Cir. 2005).

No. 22-10311

documents "should be considered only for the purpose of determining what statements [they] contain, not to prove the truth of [their] contents,"[15] and typically must be attached to the complaint. [16] While Welsh referenced the state court opinion in his complaint, he did not attach a copy of the opinion to his complaint.

If the district court determines that Welsh's suit is not precluded by prior decisions, it then must evaluate whether the magistrate judge properly identified and resolved any factual conflicts between Welsh's complaint and the *Martinez* report.

## III.

For the reasons stated above, we VACATE and REMAND for reconsideration of the issues identified in this opinion. If the district court believes it may benefit from the assistance of counsel, the district court is free to appoint counsel on remand.

---

[15] *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996).

[16] *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).